# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:18-CV-00547-KDB-DCK

| | |
|---|---|
| WORLEY CLAIMS SERVICES, LLC, <br><br>**Plaintiff,**<br><br>v.<br><br>TOM JEFFERIES<br>ALLCAT CLAIMS SERVICES, LLC<br>ROBERT WILKEY<br>JAMES BARLOW<br>TIM SIMMONS,<br><br>**Defendants.** | **ORDER** |

This matter is before the Court on Defendants' Motion for Sanctions and Attorneys' Fees (Doc. No. 44). After careful consideration of the parties' legal memoranda, the Court **DENIES** the motion for the reasons discussed briefly below.

On October 9, 2018, Plaintiff Worley Claims Services, LLC ("Worley") filed this action alleging that Tom Jeffries, Tim Simmons and Robert Wilkey ("the Individual Defendants") failed to comply with various non-competition and non-solicitation contractual covenants, breached fiduciary duties and engaged in other tortious or unlawful conduct with respect to their competitive activities after they resigned from their jobs at Worley to go to work for defendant Allcat Claims Services, LLC ("Allcat"), which is one of Worley's competitors. In the Complaint, Worley sought injunctive relief in addition to monetary damages and other recoveries.

After substantive discovery, on July 15, 2019 Worley filed a Motion for Temporary Injunction (the "Injunction Motion") in which it sought what it characterizes as "limited" injunctive relief (and which the Defendants characterize as the same relief requested in the

Complaint). The Injunction Motion was filed two days prior to the parties' scheduled July 17, 2019 Mediation, which was ultimately unsuccessful. On July 29, 2019, Defendants filed a Response in opposition to the Injunction Motion. Then, on August 6, 2019, a day after the deadline for filing its Reply brief,[1] Worley filed a Notice of Withdrawal of the Injunction Motion. On the same day, Worley filed a Motion for Partial Summary Judgment, which it describes as alleging the same wrongful conduct at issue in the Injunction Motion but seeking a partial summary judgment of liability rather than injunctive relief.

In the morning of the next day, August 7, 2019, Defendants filed a Motion for Sanctions and Attorneys' Fees (the "Sanctions Motion") alleging that the Injunction Motion was "unreasonable, baseless and intended solely to needlessly increase the cost of litigation in violation of 28 U.S.C. §1927" and that the withdrawal of the Motion violated Fed. R. Civ. Proc. 11 because "the conduct reeks of gamesmanship and the type of improper motive which Rule 11 is designed to prevent." Prior to filing the Sanctions Motion, however, the Defendants did not give Worley notice of their intention to file the motion nor did they attempt to confer with Worley's counsel to resolve the disagreement.

In the exercise of its discretion, the Court will deny the Sanctions Motion for two reasons. First, in failing to confer with Worley's counsel in advance of the filing of the Sanctions Motion, Defendants violated Rule 7.1(b) of the Local Rules, which requires that a non-dispositive civil

---

[1] Defendants argue that under the Court's Local Rules Governing Civil Cases (the "Local Rules") Worley was obligated to notify the Court of its intention not to file a Reply Brief prior to the filing deadline. While the Court agrees that the general intent of the Rule (and certainly the better practice) is to inform the Court of the movant's intention not to file a Reply brief prior to the filing deadline so the Court can begin to consider the motion earlier if it chooses to do so, informing the Court of the withdrawal of a motion the day after the filing deadline is sufficiently "prompt" notice in these circumstances that does not violate the spirit of the Rule and is, in any event, not grounds for the imposition of sanctions.

motion "must show that counsel have conferred and attempted in good faith to resolve areas of disagreement or describe the timely attempts of the movant to confer with opposing counsel" and further provides that motions that fail to do so "may be summarily denied." LCvR 7.1. While the Court understands that Defendants are greatly frustrated by what they believe to be improper litigation tactics and desired to strike back quickly, Rule 11 motions are perhaps the paradigm example of a motion where prior consultation with opposing counsel is required because it is important for the parties to have an opportunity for discussion, and hopefully some reflection, prior to the filing of a motion seeking sanctions against a fellow attorney.

Second, on the merits of the motion, the Court declines to find, based on the record presented to the Court, that counsel for Worley acted in bad faith or with an improper purpose in filing and later withdrawing the Motion for a Temporary Injunction. Although it would no doubt have saved all the parties time and money if that motion had not been filed, the Court cannot conclude, in part based on the extensive briefing that the parties have filed on the substantive merits of their dispute, that the dispute is "frivolous" or that Worley's counsel intended to use the Motion to needlessly increase the costs of the case (which will likely only grow as the parties continue to pursue their respective arguments with unabashed zealousness).[2] Indeed, it appears

---

[2] Although the parties have filed cross motions for summary judgment, that does not mean that the case will necessarily be resolved without a trial. To the contrary, the Court (without prejudging the merits of either motion) notes that pursuant to Rule 56 the Court is not authorized to resolve factual issues by weighing contradicting testimony or affidavits at summary judgment. *See Massie v. Board of Trustees, Haywood Community College*, 357 F.Supp.2d 878, 883 (W.D.N.C. 2005), *citing*, *Ross v. Franzen,* 777 F.2d 1216, 1220 (7th Cir.1985) ("[I]t is not within the province of the court to resolve issues of disputed fact in a trial by affidavit."). In deciding the parties' cross-motions for summary judgment, the Court must analyze each motion separately, considering the evidence in the light most favorable to the opposing party with regard to each motion. *See Rossignol v. Voorhaar,* 316 F.3d 516, 523 (4th Cir.2003). In doing so, the Court may find that there are genuine issues of material fact that require submission of the parties' factual disputes to a jury, notwithstanding both parties' arguments that each is entitled to summary judgment on the same issues. *See Massie*, 357 F.Supp.2d at 883.

that Worley could have simply filed its Motion for Partial Summary Judgment without withdrawing the Injunction Motion and the case would have proceeded essentially as it has, except that there would also be a fully briefed request for injunctive relief (and presumably no Sanctions Motion). Worley's withdrawal of the Injunction Motion therefore at least removed the necessity of further litigation of the issue of injunctive relief although, as mentioned, it would have been preferable for all concerned if the motion had not been filed in the first place.

Accordingly, while not commending Worley's conduct or intending to encourage parties to file and withdraw motions following the filing of a response (which of course could be considered improper conduct depending on the circumstances), the Court does not believe that the imposition of sanctions is appropriate in this case.

It is therefore, ORDERED, that Defendants' Motion for Sanctions and Attorneys' Fees (Doc. No. 44) is DENIED.

Signed: October 10, 2019

Kenneth D. Bell
United States District Judge